IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 7, 2017

## WARREN PRATCHER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 14-05852     J. Robert Carter, Jr., Judge**

_____

**No. W2017-00300-CCA-R3-PC**

_____

JAMES CURWOOD WITT, JR., J., concurring.

I respectfully concur separately in this case to clarify a distinction between, on the one hand, the post-conviction court's ordering a dismissal of the first petition with prejudice and, on the other hand, the petitioner's waiver of post-conviction relief upon the voluntary dismissal of the first petition. Although I believe the latter may be effectual, I believe the former is not effectual apart from the petitioner's waiver.

The order of dismissal of the first petition recited that the petitioner was "advised that his withdrawal [of the first petition] would constitute a waiver of the issues and [that] he agreed that the dismissal of his petition would be 'final.'" Based upon the state of the appellate record and notably the absence of a transcript of the hearing attendant to withdrawal of the first petition, we presume the petitioner's effective waiver of his post-conviction claims. On that basis, I concur in affirming the lower court's order.

It should be emphasized, however, that a post-conviction petitioner has an unfettered right to withdraw his petition prior to a hearing "without prejudice to any rights to refile." T.C.A. § 40-30-109 (c). Absent waiver of that right, the post-conviction court may not *impose* upon the petitioner's withdrawal of the petition a restriction that bars refiling.

_____
JAMES CURWOOD WITT, JR., JUDGE